UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 10 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

MAURICE LONDON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

23-CR-11 (JLS)

**DECISION AND ORDER**

*Pro se* Petitioner Maurice London filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Dkt. 73, challenging the legality of judgment of conviction entered against him in this Court on March 13, 2024. Dkt. 64. Notably, London alleges ineffective assistance of counsel, sentencing disparities, and prosecutorial misconduct as grounds for relief. *See generally* Dkt. 73. For the reasons set forth below, London's motion is denied and the Government's motion to dismiss is granted.

**BACKGROUND**

On September 15, 2023, Petitioner Maurice London entered a guilty plea pursuant to a plea agreement to one count of possessing 40 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Dkt. 16 (indictment), Dkt. 47 (plea agreement), Dkt. 48 (minute entry).

As part of the plea agreement, the Government agreed not to charge London with other crimes, including additional violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Possession with intent to distribute cocaine and methamphetamine); and 21 U.S.C. § 856(a)(1) (maintaining a drug-involved premises) Dkt. 16; Dkt. 47. The plea agreement also provided that London would plead guilty to a single count of possession of 40 grams or more of fentanyl with intent to distribute—which limited his sentencing options to a statutory maximum term of imprisonment of 40 years. Dkt. 47 ¶ 1. The plea agreement further permitted London to argue for a sentence outside the Guidelines range. *Id.* ¶ 13.

The "Appeal Rights" section of the plea agreement contained a provision by which London waived "the right to appeal or collaterally attack any component of a sentence" that was within or less than the Guidelines sentencing range set forth therein—namely, a term of imprisonment of 130 to 162 months, a fine of $25,000 to $5,000,000, and a period of supervised release of four years. *Id.* ¶¶ 21, 12. Another provision stated that London understands that his agreement not to collaterally attack the sentence "waiv[ed] the right to challenge the sentence in the event that in the future [he became] aware of previously unknown facts or a change in the law which [he] believe[d] would justify a decrease in [his] sentence." *Id.* ¶ 22.

At the plea hearing, the Court conducted a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See generally* Dkt. 48, Dkt. 79–2 (transcript). The Court began by administering the oath to London and determined,

based on his responses, that he was competent to decide to plead guilty. Dkt. 79–2 at 3:9–9:9. The Court then reviewed with London his constitutional rights and the various provisions of the plea agreement, and confirmed his understanding of them. *See generally id.* In particular, the Court reviewed the plea agreement and confirmed with London that he understood the factual basis and elements of the charge (*id.* at 14:6–25); the maximum penalties for the charge (*id.* at 15:16–22); and the possible consequences of the plea—including the agreement to pay restitution, how the Guidelines sentencing ranges were calculated and may be applied, and his waiver of the appeal rights as outlined above. *See generally id.* The Court also confirmed with London and his lawyer that the plea agreement represented the complete agreement between London and the Government, that no one had promised, threatened, or otherwise coerced London into accepting the plea agreement, and that his decision to plead guilty was made freely and voluntarily. *Id.* at 32:20–34:25.

This Court sentenced London to 156 months of imprisonment, plus five years of supervised release with conditions. Dkt. 63; Dkt. 64. London appealed his sentence, Dkt. 66, which was affirmed by the Second Circuit. Dkt. 72.

On March 25, 2026, London filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. Dkt. 73. The Government responded in opposition and moved to dismiss on June 25, 2026. Dkt. 79. London did not file a reply.[1]

## DISCUSSION

### I. Legal Standards

London seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A court may dismiss a Section 2255 petition without first conducting a hearing if the petition and record "conclusively show" that the petitioner is not entitled to the relief he seeks. *Id.* § 2255(b).

In reviewing a *pro se* petition for habeas corpus, the Court is mindful that *pro se* filings are "to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] On July 28, 2026, the Court granted London an extension of time to file a reply by August 14, 2026. Dkt. 83. To date, the Court has not received a reply.

## II. Whether an Evidentiary Hearing is Needed

London does not set forth any specific arguments as to why an evidentiary hearing is needed.

Section 2255 provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). To warrant a hearing on an ineffective assistance of counsel claim, the defendant "need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)). But an evidentiary hearing is not required "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous." *Hough v. United States*, 177 F. Supp. 3d 782, 787 (W.D.N.Y. 2016) (quoting *United States v. Sahabir,* 880 F.Supp.2d 377, 383 (N.D.N.Y. 2012)).

To warrant a hearing, a petitioner's "application must contain assertions of fact that [the] petitioner is in a position to establish by competent evidence." *United States v. Aiello,* 814 F.2d 109, 113 (2d Cir. 1987). The procedure for determining whether a hearing is necessary is somewhat analogous to a summary judgment proceeding—that is, "if material facts are in dispute, a hearing should usually be held, and relevant findings of facts made." *Puglisi,* 586 F.3d at 213. However,

"[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." *Aiello,* 814 F.2d at 113-14) (citing *United States v. Franzese*, 525 F.2d 27, 31 (2d Cir. 1975)); *see also Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007). Similarly, a court is not required to presume the credibility of factual assertions "where the assertions are contradicted by the record in the underlying proceeding." *Puglisi,* 586 F.3d at 214. And "when the judge who tried the underlying proceedings also presides over a § 2255 motion, a full-blown evidentiary hearing may not be necessary." *Raysor* v. *United States*, 647 F.3d 491, 494 (2d Cir. 2011) (citing *Puglisi*, 586 F.3d at 214-15).

This Court, in addition to London's motion, has had the benefit of reviewing the Government's response, the written plea agreement, and the record of the plea proceeding. Based on that review, and for the further reasons below, an evidentiary hearing is not warranted.

## III. Whether London's Petition is Procedurally Barred

As noted above, London's sentence was within the range of the appellate/collateral attack waiver contained in the plea agreement.

A defendant's "knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). There are a limited set of circumstances under which a court can set aside a collateral attack waiver: (1) when the waiver was not made knowingly, voluntarily, and competently; (2) when the sentence was

imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) when the government breached the plea agreement; or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus. *Id.* (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000)).[2] Additionally, such a waiver is unenforceable if it "was the result of ineffective assistance of counsel[.]" *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004).

Reading London's submission liberally in light of his *pro se* status, London asks the Court "[t]o be sentenced between 6–8 years[,] which is in the range of defendants who have like charges, criminal history[,] and [are] similarly situated to the defendant." Dkt. 73 at 12.

While London's petition alleges ineffective assistance of counsel as to the plea agreement generally, London does not address specifically why the appeal/collateral attack waiver set forth in the plea agreement should not be enforced. *See generally id.* This Court, based on the record here, has no reason to believe that the waiver was not entered into knowingly and voluntarily—London signed the plea agreement containing the waiver and stated under oath that he understood the agreement,

---

[2] Recently, the Supreme Court added that "an appeal waiver is unenforceable when it would result in a miscarriage of justice." *Hunter v. United States*, 146 S. Ct. 1702, 1713 (2026). In other words, a waiver may only be set aside "if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute." *Id.* That is not the case here.

including that particular provision, and had discussed his appeal rights with his lawyer. Dkt. 79-2 at 31:21–33:20. London further expressed the voluntary nature of his plea, his satisfaction with his lawyer, his understanding of the appeal-waiver provisions, and his acknowledgment that no promises other than those in the written plea agreement were made to him. *Id.* at 33:21–35:3.

Nevertheless, the situation is "complicated" by London's allegation that he essentially "was ineffectively assisted in making the decision to accept the plea agreement." *United States v. Logan*, 845 F. Supp. 2d 499, 506 (E.D.N.Y. 2012). The Second Circuit has "expressed hesitation in finding that a defendant has waived his right to appeal where the defendant argues that his execution of the waiver was itself the product of ineffective assistance of counsel." *Id.* (citing *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001)). That is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement itself, he is challenging the constitutionality of the process by which he waived the right to collaterally attack the sentence—and the claim therefore survives the waiver. *Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008); *see also El Saleh v. United States*, 13-CV-1567 (DLI), 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim.").

London has alleged ineffective assistance of counsel during the investigation of the case, discovery, plea negotiations and in connection with the plea agreement. Dkt. 73 at 5. Moreover, the Government does not contend that provisions of the plea agreement prevent him from raising an ineffective assistance of counsel claim here. The Court will, therefore, review his claims on the merits.

## IV. <u>Merits</u>

London requests "[t]o be sentenced between 6–8 years[,] which is in the range of defendants who have like charges, criminal history[,] and [are] similarly situated to the defendant." Dkt. 73 at 12. London further cites the following grounds for relief: (1) "Sentencing Disparities;" (2) "Ineffective Assistance of Counsel Under the Sixth Amendment;" and (3) "Prosecutorial Misconduct." *Id.* at 4–6.

The Court has considered London's arguments and, for the reasons set forth below, concludes that the plea agreement was entered into knowingly, voluntarily, and competently, and with effective assistance of counsel. The Court further finds London's claims without merit, including his claims related to sentencing disparities, ineffective assistance of counsel, and prosecutorial misconduct.

### A. Ineffective Assistance of Counsel

Courts analyze claims that a guilty plea resulted from ineffective assistance of counsel under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must make an "affirmative showing that 1) counsel's performance fell below an objective standard of reasonableness according to

prevailing professional norms, and 2) it is reasonably likely that prejudice occurred—*i.e.*, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *U.S. v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Strickland*, 466 U.S. at 687-96 (1984)). A court need not address both components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one. *Garner v. Lee*, 908 F.3d 845, 861 (2d Cir. 2018).

Regarding the second prong of *Strickland* in the context of plea negotiations, the defendant "must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Arteca*, 411 F.3d at 320 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In the "context of plea negotiations, a defendant can make this showing by producing both a sworn affidavit or testimony stating that he would have accepted or rejected a plea agreement but for his counsel's deficient performance and also some additional 'objective evidence' supporting his claim." *United States v. Frederick*, 526 F. App'x 91, 93 (2d Cir. 2013) (citing *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998)). A defendant who claims he would not have pled guilty but for counsel's failure to investigate certain issues must provide "objective evidence supporting such a claim . . . to satisfy the *Strickland* framework." *Sharpley v. U.S.*, 499 F. Supp. 2d 208, 212 (N.D.N.Y. 2007) (citing *Lockhart*, 474 U.S. at 59). "Objective evidence" may include a "large disparity between the defendant's advised and actual sentencing exposure." *Frederick*, 526 F. App'x at 93 (citing *Gordon*, 156 F.3d

at 381). If, "after reviewing the record and the facts of the case, there is no reasonable probability that [the defendant] would not have pled guilty, the *Strickland* requirements have not been met." *Sharpley*, 499 F. Supp. 2d at 212.

As set forth above, London asserts ineffective assistance of counsel based on his claims that Mr. Passafiume did not adequately investigate the case to build a defense, failed to request a "*Darden* Hearing,"[3] failed to object to the prosecutor's introduction of evidence dealing with uncharged crimes, "failed during plea negotiations," which has all allegedly prejudiced London. Dkt. 73 at 5.

As to the first *Strickland* prong, the record plainly contradicts London's argument that Mr. Passafiume failed to investigate the case, build a defense, and object properly. At the plea hearing, London expressed his satisfaction with Mr. Passafiume as counsel—multiple times. Dkt. 79-2 at 35:12–36:1. Specifically, London affirmed that he told Mr. Passafiume everything about the case and that Mr. Passafiume fully advised him of the case and consequences of pleading guilty. *Id.* at 35:15–23. London has not provided any reason why this Court is not "entitled to rely upon his sworn statements, made in open court." *See Hernandez*, 242 F.3d at 112; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent

---

[3] A *Darden* hearing is used to challenge the actual existence of any confidential informer who provided information that served as a basis for probable cause to arrest a defendant. *See Daly v. Lee*, No. 11-CV-3030 JFB, 2014 WL 1349076, at *15 (E.D.N.Y. Apr. 4, 2014) (citing *People v. Darden*, 34 N.Y.2d 177 (1974)). Here, London does not set forth any facts that suggest a *Darden* hearing was necessary or how Mr. Passafiume's failure to request one prejudiced the case.

presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). The Court finds Mr. Passafiume's performance satisfied the objective standard of reasonableness according to prevailing professional norms—and, therefore, London has not sustained his burden on the first prong of *Strickland*.

Even assuming the first prong is satisfied, London failed to make a showing of prejudice. London argues that Mr. Passafiume's alleged ineffective assistance "prejudice the defendant by not challenging [the] credibility of informants, allowing uncharge[d] evidence to affect [the] outcome of proceedings and not acquiring a binding plea." Dkt. 73 at 5. London did not provide a sworn affidavit or other document in support of this statement. These unsupported assertions do not qualify as "objective evidence" of prejudice, particularly in light of the benefits of the plea agreement Mr. Passafiume negotiated, including not charging multiple crimes with mandatory consecutive sentences and the ability to argue for a non-Guidelines sentence. Dkt. 47. Indeed, there is no discrepancy—let alone a large one—between London's actual sentence and the sentence range provided in the plea agreement. *Frederick*, 526 F. App'x at 93.

Thus, London has not met his burden under *Strickland* of demonstrating ineffective assistance of counsel in the investigation, preparation of any defenses, and plea negotiation stages of the case.

### B. Sentence Disparity-Related Claims

While the Court's analysis above indicates that London's appeal/collateral attack waiver was valid, the Court addresses London's claims related to his Guidelines calculations. London first argues that his sentence was "[f]ar from being situated comfortably within the nationwide average." Dkt. 73 at 4. As such, London claims his "sentence was nearly five years longer compared with defendants of [a] similar criminal history who were convicted of selling fentanyl." *Id.* Even assuming that these claims survive the appeal/collateral attack waiver, and are not otherwise barred, they are without merit.

A defendant may raise new arguments in a Section 2255 motion if the defendant establishes (1) cause for procedural default and ensuing prejudice, or (2) actual innocence. *United States v. Peña*, 58 F.4th 613, 621 (2d Cir. 2023). London does not allege actual innocence but his petition, construed liberally, could be read to allege cause for a procedural default in the calculation of the applicable guidelines range. Specifically, London alleges that "[t]here are over 40 defendants who received sentences[] of imprisonment in whole or in part, the average length of imprisonment imposed was 101 months and the median length of imprisonment imposed was 96 months." Dkt. 73 at 4. While London fails to set forth any specific factual information beyond this conclusory allegation, the Court nevertheless concludes that his sentence was supported by the circumstances of this case.

A defendant's criminal history score under the Guidelines generally consists of sentences imposed within ten years of the commencement of the instant offense—any prior sentence that exceeded thirteen months is counted if it is imposed or resulted in a sentence of incarceration within fifteen years of the commencement of the instant offense. U.S.S.G. § 4A1.2(e).[4] Here, according to the factual basis of the plea agreement, London's offense of conviction—including relevant conduct—began in 2022. *See* Dkt. 47 ¶ 4. All of London's convictions that contributed points to his criminal history score are dated 2007 or later. *See* Dkt. 50 ¶¶ 42–48. Thus, these convictions were properly counted towards his criminal history score pursuant to Chapter 4 of the Guidelines. Moreover, the criminal history score in the Presentence Report—which was adopted by the Court and London at sentencing—is the same as the score set forth in the plea agreement. *See* Dkt. 47 ¶ 11; Dkt. 50 ¶ 49; Dkt. 59 ¶ 3. The criminal history score was correctly calculated and, thus, London cannot challenge his conviction on the basis that the Court incorrectly calculated the applicable Guidelines range. Accordingly, London's allegation of unspecified disparities in his petition fails to consider the Court's calculation of his criminal history score and category which impact the applicable Guidelines range.

---

[4] Additionally, any prior sentences that resulted in the defendant being incarcerated for more than thirteen months "during any part of such fifteen-year period" are also counted in determining a defendant's criminal history category. U.S.S.G. § 4A1.2(e)(1).

London's sentence disparity-related claim regarding his Guidelines calculation and the sentence imposed is, therefore, without merit.

**C. Prosecutorial Misconduct Claims**

London also alleges that the government engaged in unspecified *Brady* violations by "fail[ing] to disclose evidence which prejudice[d] the defendant." Dkt. 73 at 6. Additionally, London argues that the government also refused to hold a *Ventimiglia* hearing[5] "to determine whether evidence of uncharged crimes is admissible." *Id.* However, London does not put forth any facts about what evidence the government failed to disclose, how the alleged nondisclosure prejudiced him, what prior crimes would have been the subject of a *Ventimiglia* hearing, and how any alleged prior crimes impacted his sentence.

Absent specific evidence to the contrary, the Court cannot credit London's conclusory claim that the Government did not produce exculpatory evidence or have reason to hold additional hearings. Accordingly, London's prosecutorial misconduct claims are without merit.

**D. Other Arguments**

The plea negotiations, through which London agreed to the collateral-attack waiver, were not infected by ineffective assistance of counsel. The plea itself was

---

[5] A *Ventimiglia* hearing is held to determine whether evidence of uncharged crimes is admissible as direct evidence. *See Jones v. Artuz*, 96 F. App'x 742, 744 n.1 (2d Cir. 2004); *see also Holmes v. Ricks*, 378 F. Supp. 2d 171 (W.D.N.Y. 2004) ("The right to a *Ventimiglia* hearing does not derive from the Federal constitution and is solely a matter of State law.").

knowing and voluntary. As such, all other arguments are barred by this collateral-attack waiver. *See Sharpley*, 499 F. Supp. 2d at 211 (where a defendant who claims ineffective assistance of counsel knowingly and voluntarily waives appeal and collateral-attack rights, the court's "scope of inquiry is limited to those discrete claims [that] relate directly to the negotiation of . . . the plea agreement . . . and to the validity of the plea . . . ") (internal quotation marks and citations omitted).

## CONCLUSION

For all of these reasons, London has not demonstrated ineffective assistance of counsel, nor has he demonstrated that the plea agreement (including the collateral attack waiver) was not entered into knowingly, voluntarily, and competently. London has further failed to demonstrate any basis for relief under 28 U.S.C. § 2255.

Accordingly, the Government's [79] motion to dismiss is GRANTED and London's [73] motion to vacate his conviction under 28 U.S.C. § 2255 is DENIED. The Court declines to issue a certificate of appealability because London has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. The Clerk of Court shall mail a copy of this Decision and Order to London.

SO ORDERED.

Dated: September 10, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE